UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CSX TRANSPORTATION, INC.** | * | |
| | * | **CIVIL ACTION** |
| versus | * | |
| | * | **NO:** |
| **Devall Towing & Boat Service, Inc.,** *in personam*, | * | |
| | * | **SECTION** |
| **Tug M/V CAPT. HEYMAN DEVALL**, | * | |
| Official No. 500251, her engines, boilers, | * | **JUDGE** |
| tackle, equipment, appurtenances, and cargo, | * | |
| *in rem,* | * | **MAG. JUDGE** |
| **Barge DBL 305**, Official No. 1266509, her | * | |
| tackle, equipment, appurtenances, and cargo, | * | |
| *in rem,* and | * | |
| **XYZ Insurance Company,** *in personam.* | | |

## COMPLAINT

Plaintiff CSX Transportation, Inc. files this Complaint in Admiralty against Defendants and alleges as follows:

## PARTIES

1. Plaintiff CSX Transportation, Inc., ("CSXT"), is an interstate rail carrier incorporated under the laws of the Commonwealth of Virginia, with its principal place of business in Jacksonville, Florida.

2. Defendant Devall Towing & Boat Service, Inc. ("Devall") is incorporated under the laws of the state of Louisiana, with its principal place of business in Hackberry, Louisiana.

3. Defendant, tug M/V CAPT. HEYMAN DEVALL, is an American flagged steel towing vessel, approximately 17 meters in length, built in 1965, documented by the United States Coast Guard with Official No. 500251, and is owned by Defendant, Devall.

4. Based upon information and belief, the tug M/V CAPT. HEYMAN DEVALL, will be within the Eastern District of Louisiana while this action is pending.

4316137-1

5. Defendant, Barge DBL 305, is a steel freight barge, Official No. 1266509, and is owned by Defendant, Devall.

6. Based upon information and belief, defendant Barge DBL 305 will be within the Eastern District of Louisiana while this action is pending.

## JURISDICTION

7. This is a case for property damage and related expenses and losses caused by a vessel on the navigable waters of the United States and comes within this Court's original Admiralty and Maritime jurisdiction pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30101, and Rule 9(h) of the Federal Rules of Civil Procedure.

## VENUE

8. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district.

## PREDICATE FACTS

9. CSXT is the owner of the Rigolets railroad swing bridge located in or near New Orleans, Louisiana, bridge no. 34, MP 775.4 (the "Bridge").

10. The Bridge spans the Rigolets Pass, a strait connecting Lake Pontchartrain and Lake St. Catherine to Lake Borgne and the Gulf of Mexico near New Orleans, Louisiana.

11. The Bridge is a railway swing bridge that has masonry dolphins and fender systems on the northwest side and southwest side of the Bridge ("Long Fender") and on the northeast and southeast side of the Bridge ("Short Fender") to protect the Bridge span when the Bridge is in the open position and to allow passage of marine traffic.

12. On January 4, 2020, the tug, M/V CAPT. HEYMAN DEVALL, owned and operated by Devall, was pushing a loaded barge, Barge DBL 305, while traveling in the Rigolets Pass.

13. As the M/V CAPT. HEYMAN DEVALL and loaded barge, DBL 305, (hereinafter collectively the "Flotilla") approached the Bridge, the master or pilot in control of the M/V CAPT. HEYMAN DEVALL mishandled the approach and caused the vessel and tow to strike the Bridge's swing span, Long Fender and Short Fender, all of which are stationary objects (the "Allision").

14. As a result of the Allision, the Bridge's swing span, center pivot pier, center pin and pivot bearing, Long Fender and Short Fender incurred significant damages.

15. Also, as a result of the Allision, the Bridge was shut down for several hours interrupting CSXT's rail operations, leading to expenses and delays.

16. Shortly after the Allision, CSXT provided Devall with notice that CSXT was holding Devall liable for the damages CSXT incurred.

17. Also, shortly after the Allision, Devall and/or XYZ Insurance Company retained Huval & Associates Inc., ("Huval"), a third-party marine surveyor, to attend a joint survey of the Bridge's damages on behalf of the interests of Devall.

18. On January 8, 2020, four days after the Allision, CSXT, Devall, XYZ Insurance Company, and Rudolph Mclellan of Huval conducted a joint inspection of the Bridge and the damages CSXT incurred as a result of the Allision.

19. As a result of the Allision, the Bridge suffered significant damages to its swing span, center pivot pier, center pin and pivot bearing, Long Fender and Short Fender, all of which required significant repairs.

20. Based upon information and belief, the M/V CAPT. HEYMAN DEVALL and Barge DBL 305, the Flotilla, were owned by Devall and were engaged in a commercial undertaking, or common enterprise, for the benefit of Devall. Further, upon information and belief, all vessels were subject to a single command. As such, all do or may have *in rem* liability as further set forth herein.

21. As a result of the Allision, CSXT incurred repair and replacement costs totaling an amount not less than $855,952.70, not including incidental expenses and delays.

## CAUSES OF ACTION

### Negligence

22. CSXT incorporates the above paragraphs as if set forth fully herein.

23. Devall was under a duty to entrust its tug, the M/V CAPT. HEYMAN DEVALL, and barge, Barge DBL 305, to an individual(s) and/or entity(ies) that would operate the vessel in a safe and reasonable manner.

24. Devall was under a duty to entrust its tug, the M/V CAPT. HEYMAN DEVALL, and barge, Barge DBL 305, to an individual(s) and/or entity(ies) that would operate the vessel in a manner to avoid the risk of physical harm to others including avoiding causing significant property damage to property owned by third-parties, such as CSXT.

25. Devall breached its duty by entrusting its employee and/or agent, the pilot or master with possession and control of its tug, the M/V CAPT. HEYMAN DEVALL, and barge, Barge DBL 305, even though Devall knew its employee and/or agent, the Pilot or Master tasked with operating the tug, the M/V CAPT. HEYMAN DEVALL, was incapable of safely operating the tug and barge, and as a result of Devall's negligent operation of the M/V CAPT. HEYMAN DEVALL and Barge DBL 305, CSXT incurred significant damages to its Bridge.

26. Devall was under a duty to use due care in operating the M/V CAPT. HEYMAN DEVALL and its tow while navigating the Bridge.

27. Devall breached this duty through the negligent acts and/or omissions of itself and/or its agents, employees and/or servants including, but not limited to, the following:

   a. Failure to properly makeup and handle the Flotilla;

   b. Failure to keep a proper lookout;

   c. Failure to safely maintain control of the M/V CAPT. HEYMAN DEVALL and tow;

   d. Failure to take proper evasive action to avoid the resulting Allision;

   e. Failure to stop and/or slow the M/V CAPT. HEYMAN DEVALL in time to avoid the resulting Allision;

   f. Operating the M/V CAPT. HEYMAN DEVALL, and her tow, in a generally careless and/or reckless manner without due regard for the safety and property of others;

   g. Improper or negligent navigation;

   h. Using a vessel that was unseaworthy;

   i. Improperly and insufficiently manning the M/V CAPT. HEYMAN DEVALL;

   j. The M/V CAPT. HEYMAN DEVALL and its crew violated statutes and regulations commonly referred to as The Inland Navigation Rules, and accordingly, are guilty of statutory fault or violation of the Rules of the Road;

   k. The M/V CAPT. HEYMAN DEVALL improperly approached the Bridge and failed to heed instructions, and/or to properly keep her tow in control so as to avoid an allision; and

l.  All other acts and omissions, which will be shown prior to or at the trial of this matter.

28. As a direct and proximate result of Defendants' negligence, the Bridge's swing span, center pivot pier, center pin and pivot bearing, Long Fender and Short Fender incurred significant damages.

29. As a further proximate result of Defendants' negligence, CSXT incurred expenses to inspect the damages, remove debris, replace, and repair the swing span, center pivot pier, center pin and pivot bearing, Long Fender and Short Fender, and to perform such other work and repairs as necessary because of the Allision, plus related incidental expenses, re-routing, and delays.

30. The Allision described herein and all loss, damages, and injuries resulting therefrom was in no way caused and/or contributed to by any fault, neglect, and/or want of care on the part of CSXT, or on the part of anyone whose conduct CSXT is responsible; but, was the result of and caused solely by the fault, neglect and want of care on the part of Devall and/or its agents, employees and/or servants.

31. CSXT is entitled to recover from Defendants damages in the amount not less than $855,952.70, which represent the costs to replace and repair its property that was damaged as a direct and proximate result of the Defendants' aforementioned acts and omissions, plus delays, loss of use, rail traffic interruptions, and other losses.

**Louisiana Direct Action Statute (LA Rev Stat § 22:1269)**

32. XYZ Insurance Company is an insurance company doing business in the State of Louisiana and provided insurance coverage to defendant, Devall.

33. The Allision occurred in the state of Louisiana.

34. The policy issued by XYZ Insurance Company covers the subject matter of this Allision and the damages CSXT incurred as a result of the Allision.

35. Because XYZ Insurance Company is the applicable insurer and the Allision occurred in Louisiana, XYZ Insurance Company is directly liable to CSXT under the Louisiana Direct Action Statute.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc. prays:

a. That a warrant, *in rem*, for the arrest of the tug M/V CAPT. HEYMAN DEVALL, and the barge, Barge DBL 305 is issued and that all persons claiming an interest therein be cited to appear and answer the matters stated in this Complaint;

b. That this Court render judgment in favor of Plaintiff, CSX Transportation, Inc., against Defendants, Devall Towing & Boat Service, Inc., *in personam*, the Tug M/V CAPT. HEYMAN DEVALL, Official No. 500251, Barge DBL 305, Official No. 1266509, *in rem*, and XYZ Insurance Company, *in personam*, jointly and severally, or in proportion to their respective percentages of fault, for an amount not less than $855,952.70, or such amount as may be proven at trial, plus *custodia legis* costs and expenses, pre-judgment and post-judgment interest, and costs and attorney's fees expended in this matter;

c. That the tug, M/V CAPT. HEYMAN DEVALL, be condemned and sold to satisfy judgment;

d. That the barge, Barge DBL 305, be condemned and sold to satisfy judgment; and

e. That Plaintiff, CSX Transportation, Inc., have such further relief as this Court deems appropriate.

Respectfully submitted,

  /s/ Brent A. Talbot
BRENT A. TALBOT, #19174, T.A.
THOMAS D. FORBES, #05682
ALEXANDER J. DEGIULIO, #38184
        -of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax:  (504) 544-6095
Email:  talbot@chaffe.com
           forbes@chaffe.com
           alex.degiulio@chaffe.com

*Attorneys for Plaintiff, CSX Transportation, Inc.*

**PLEASE WITHHOLD *IN REM* SERVICE UNTIL FURTHER NOTICE**